IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EISERMAN & ASSOCIATES, LLC )<br><br>Plaintiff )<br><br>v. )<br><br>SUSAN ROSEN, JAY ROSEN, )<br>POUL'S LANDSCAPING AND NURSERY, )<br>INC. and DOES 1-10 )<br><br>Defendants. ) | Case No. |

## COMPLAINT

Eiserman & Associates LLC ("Eiserman"), as and for its complaint against Susan Rosen ("Defendant Susan"), Jay Rosen ("Defendant Jay" and collectively with Defendant Susan, "Defendant Rosens"), Poul's Landscaping and Nursery, Inc. ("Defendant Poul's") and Does 1-10 ("Defendant Does" and collectively with Defendant Rosens and Defendant Poul's, "Defendants"), states as follows:

### Introduction

1. This is a civil action under the copyright laws of the United States, 17 U.S.C. §101 et seq. seeking damages for infringement of a copyright held by Eiserman in landscape design plans for Defendant Rosens' residence located at 6774 Creekside Drive, Long Grove, Illinois (the "Property").

## Parties

2. Eiserman is an Illinois limited liability company engaged in the business of providing landscape architectural design and installation services in Lake County, Illinois.

3. Defendant Susan is an individual over the age of 18, a resident of Long Grove, Illinois and married to Defendant Jay.

4. Defendant Jay is an individual over the age of 18, a resident of Long Grove, Illinois and married to Defendant Susan.

5. Defendant Poul's is an Illinois corporation doing business as a landscaper in Lake County, Illinois.

6. Defendants Doe 1-10 are persons or entities, currently unknown to Eiserman, working with or acting in concert with Defendant Rosens and/or Defendant Poul's to facilitate their copyright infringement. Eiserman will provide the identities of Defendant Does in an amended complaint after Eiserman is able to obtain additional information and determine their identities.

## Jurisdiction and Venue

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1338(a) (copyright action jurisdiction) because this case involves a copyright filed with the United States Copyright office.

8. This Court has personal jurisdiction over Defendants because all are known or believed to be resident within this District.

9. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because the copyrighted work was created within the District, all parties are residents of the District and the complained of acts of infringement took place in this District.

## Statement of Facts

10. Eiserman is in the business of providing landscape architectural design and installation services.

11. Defendant Rosens requested Eiserman to perform architectural design services for the Property.

12. Eiserman prepared sets of plans and related construction documents for the Property (the "Eiserman Landscape Architectural Work").

13. On July 18, 2012, Eiserman provided the Eiserman Landscape Architectural Work to Defendant Susan.

14. On September 4, 2012, Eiserman closed its file on the project after Defendant Rosens did not respond that they were proceeding with any landscape work on the Property.

15. Eiserman retained ownership of the Eiserman Landscape Architectural Work and remains owner thereof.

16. On October 17, 2012, the United States Patent and Copyright Office issued a copyright registration for the Eiserman Landscape Architectural Work which is identified as TX-7-613-408 (the "Copyright"). A copy of the copyright is attached as Exhibit A hereto.

17. After Eiserman closed its file on the project, Defendant Rosens hired Defendant Poul's to perform landscaping services, including hardscaping and installation of plant material (the "Landscaping"), at the Property.

18. The Landscaping incorporates material elements of the Eiserman Landscape Architectural Work including the layout of pathways versus plantings, the location of types of plantings, and the orientation of the hardscaping and plant material to the house and the road.

19. Eiserman did not give Defendants a license or other permission to use the Eiserman Landscape Architectural Work.

## COUNT I: VIOLATION OF COPYRIGHT
### REQUEST FOR DAMAGES
### Against All Defendants

21. The allegations in paragraphs 1-19 above are restated by reference.

22. Eiserman is the creator and owner of the Eiserman Landscape Architectural Work which is protected by the Copyright.

23. Eiserman provided the Eiserman Landscape Architectural Work to Defendant Rosens prior to Defendant Poul's installing the Landscaping.

24. Eiserman has not granted a license or other permission to any of the Defendants which would allow use of the Eiserman Landscape Architectural Work.

25. Pursuant to 17 USC §501, Defendant Rosens and Defendant Poul are infringers of the Copyright because they used the Eiserman Landscape Architectural Work without Eiserman's permission to install the Landscaping.

4

26. Defendant Does are likewise infringers either directly or for acting in concert with or abetting Defendant Rosens and Defendant Poul's in their infringement of the Copyright.

27. Defendant Rosens willfully, intentionally or with indifference to Eiserman's rights infringed Eiserman's copyright in the Eiserman Landscape Architectural Work as evidenced by their first representing to Eiserman that no landscape work was to be done on the Property then using Defendant Poul's to do the Landscaping in conforming with the Eiserman Landscape Architectural Work.

28. Defendant Poul's willfully, intentionally or with indifference to Eiserman's rights infringed Eiserman's copyright in the Eiserman Landscape Architectural Work as evidenced by the Landscaping which is the embodiment of the Eiserman Landscape Architectural Work.

29. Defendant Does likewise willfully, intentionally or with indifference to Eiserman's rights infringed Eiserman's copyright in the Landscape Architectural Work either directly or for acting in concert with or abetting Defendant Rosens and Defendant Poul's in their infringement thereof.

30. Pursuant to 17 USC §504, a violation of the Copyright entitles Eiserman to either actual damages or maximum statutory damages, at its election made prior to final judgment.

31. Eiserman has suffered not less than $11,847.68 in actual damages from Defendants violation of the Copyright, but reserves its right to seek the maximum statutory damages for Defendants' willful violation of the Copyright.

32. Pursuant to 17 USC §505, Eiserman may recover its attorney fees and costs in this matter from all Defendants.

WHEREFORE, Eiserman respectfully requests that this Court enter judgment against all Defendants as follows:

    a.      $ 11,847.68 in compensatory damages or the maximum statutory damages (currently $150,000), at Eiserman's election to be made prior to judgment;

    b.      interest, costs and expenses, including legal fees, related to this action in an amount to be determined by the Court; and

    c.      granting such other relief as this Court may deem just and proper.

Dated: Chicago, Illinois
       February 19, 2013

                                      Respectfully Submitted,
                                      EISERMAN & ASSOCIATES, LLC

                                      By: B. Lane Hasler, P.C.
                                      Its Attorney

B. Lane Hasler
B. Lane Hasler, P.C.
1530 S. State Street, Suite 17A
Chicago, Illinois 60605
(312) 893-0551
Atty. No. 6205444

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**TX 7-613-408**

Effective date of registration:

October 17, 2012

---

## Title
**Title of Work:** Rosen Landscape Plan - 6774 Creekside Drive

## Completion/Publication
**Year of Completion:** 2012
**Date of 1st Publication:** July 18, 2012          **Nation of 1st Publication:** United States

## Author
* **Author:** Eiserman & Associates LLC
  **Author Created:** technical drawings of landscape plan
  **Work made for hire:** Yes
  **Citizen of:** United States          **Domiciled in:** United States

## Copyright claimant
**Copyright Claimant:** Eiserman & Associates LLC
639 Second Street, Libertyville, IL, 60048, United States

## Rights and Permissions
**Organization Name:** B. Lane Hasler PC
**Name:** Lane Hasler
**Email:** lanehasler@blhpc.com          **Telephone:** 312-893-0551
**Address:** 1530 South State Street
Suite 17A
Chicago, IL 60605 United States

## Certification
**Name:** B. Lane Hasler
**Date:** October 17, 2012
**Applicant's Tracking Number:** EisermanRosen

Page 1 of 2

**Registration #:** TX0007613408
**Service Request #:** 1-838645731



B. Lane Hasler PC
Lane Hasler
1530 South State Street
Suite 17A
Chicago, IL 60605 United States