# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **EISERMAN & ASSOCIATES, LLC**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13 C 1315 |
| | ) |
| **EILEEN ROSEN**, **JAY ROSEN**, | ) |
| **POUL'S LANDSCAPING AND** | ) |
| **NURSERY, INC.** and **DOES 1-10**, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Eileen and Jay Rosen (collectively "Rosens") have filed their Answer to the First Amended Complaint ("FAC") filed against them and some other defendants by Eiserman & Associates, LLC ("Eiserman").[1] This memorandum order is issued sua sponte, in part because of an annoying (and repeated) error in that responsive pleading and in part to call on the parties for additional input.

As for the first of those matters, it is frankly difficult to keep patience with the substantial number of lawyers who persist in failing to read (or who having read, persist in failing to heed) the straightforward language of Fed. R. Civ. P. ("Rule") 8(b)(5) that establishes the predicate for

---

[1] Although this Court has not engaged in a word-by-word comparison of the FAC with Eiserman's original Complaint, its quick scanning suggests that the only change has been to the first name of Ms. Rosen, referred to originally as "Susan Rosen" and later as "Eileen Rosen." In any event, this Court's current review of its chambers file indicates that no copy of the FAC was delivered to chambers, a second violation of this District Court's LR 5.2(f) on the part of Eiserman's counsel. Consistently with this Court's practice as announced in its website, Eiserman's counsel are ordered to deliver to this Court's chambers a $100 check payable to the Clerk of Court on or before May 6, 2013 for having violated the court rule.

a deemed denial of an adversary's allegations -- see also App'x ¶ 1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Here Rosens' counsel has not only failed to track Rule 8(b)(5) in Answer ¶¶ 2, 6, 9, 10, 14, 15, 17 and 22 but has also impermissibly gone on to say "and, therefore, deny same." It is of course oxymoronic for a party to assert (presumably in good faith) that it lacks even enough information to form a belief (as Rule 8(b)(5) requires) as to the truth of an allegation, then proceed to deny it. Because such a denial is at odds with the pleader's obligations under Rule 11(b), the quoted language is stricken from each of those paragraphs of the Answer.

Defense counsel has thus been sent back to the drawing board to correct the offending paragraphs in the Answer, but no good reason appears for any payment to be made by defendants to correct their counsel's errors. Accordingly no charge is to be made by counsel for the time and expense involved in the partial repleading, and counsel are directed to apprise the clients to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

All of this, however, is a prelude to a substantive matter to which both sides' counsel should address themselves. Rosens' First Affirmative Defense challenges Eiserman's ability to invoke the federal copyright laws as a basis for relief, a defense foreshadowed by Rosens' denials in Answer ¶¶ 7, 15, 16 (although it is difficult to understand the denial there in light of FAC Ex. A), 19 and 22-24. If Rosens are right, that would appear to call for dismissal of the action for lack of subject matter jurisdiction, while if they are wrong the action will go forward on the merits.

Accordingly both sides' counsel are ordered to submit brief memoranda on or before May 10, 2013 identifying any cases and other reliable new sources that deal with the availability or nonavailability of copyright protection for landscape designs. It is expected too that a status hearing will be held on the matter at 9 a.m. May 17, 2013. This Court will then consider the matter, including the possibility that discovery should be stayed until resolution of the question takes place.

                                                             _____
                                                             Milton I. Shadur
                                                             Senior United States District Judge

Date: April 26, 2013